V. W. THOMPSON *v.* NEW ORLEANS & CARROLTON R. R. COMPANY.

A corporation is liable for damage occasioned by the employee of their stewards.

APPEAL from the Fifth District Court of New Orleans.

*Roselius,* for plaintiff.  *Benjamin, Bradford & Finney,* for defendants.

VOORHIES, J. This is an action by the plaintiff to recover the sum of $850, the value of his carriage, alleged to have been destroyed by the negligence, imprudence or want of skill of the driver of an omnibus, belonging to the defendants, in running against said carriage as it was standing in Chartres street.

The case has been pending since July, 1838, and now comes up on appeal before this Court for the third time.

On the first appeal, the Court in remanding the case, observed: "The evidence satisfies us that it was an act of gross negligence; the jury gave $800 damages; and we should not hesitate to affirm the judgment rendered on the verdict, if the evidence had made it probable that the omnibus was the property of the defendants." It was also decided by the Court, that the defendants would be bound if the damages were caused by the negligence or want of skill in the driver, or the vicious temper of the horses, if the horses belonged to them, or the driver was in their service; and that under Article 2299 of the Civil Code, the responsibility of a master or employee was not limited to cases where he might have prevented the act which caused the damage, &c. See 1 R. R. 178.

The second appeal came up on a bill of exceptions, to the opinion of the District Judge in excluding evidence offered by the defendants to show, that the railroad establishment, with its movables and dependencies, including its omnibuses, was leased to two individuals for a term of years. The evidence was held to be admissible under the pleadings, and the case ordered to be remanded, with directions to the District Judge to admit the same. See 4 Ann. 262.

The plaintiff is appellant from a judgment rendered against him on the last trial.

The only question left in this case for our consideration, is one exclusively of fact.

The District Judge was satisfied from the evidence that the driver of the omnibus, by which the plaintiff's carriage was destroyed, was not at the time an employee of the defendants, but of *Harper & Merrick,* as lessees of said defendants. It is shown by the testimony of one of the witnesses for the defendants, that "the driver of the omnibus said to have broken the carriage of plaintiff, was employed and paid by *Harper & Merrick,* and the omnibus was entirely under their control. From a careful examination of the contract of lease between the defendants and *Harper & Merrick,* and the testimony on the record, we are satisfied that the Judge *à quo* did not err in his conclusion.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs in both courts.